JOHN J. TODOR (pro hac vice)
Email: todorj@sec.gov
STEPHEN M. LEBLANC (pro hac vice)
Email: leblancst@sec.gov
CHRISTOPHER BOLYAI (pro hac vice)
Email: bolyaic@sec.gov
100 F Street, N.E.
Washington, D.C. 20549
Telephone: (202) 551-5381

STEPHEN KAM (Cal. Bar No. 327576)
Email: KamS@sec.gov
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998

*Attorneys for Plaintiff*
*Securities and Exchange Commission*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:24-cv-10622-CV(PDx) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| FREDERICK TAYTON DENCER, LUKE ABELARD DENCER, STANDARD HOLDINGS, INC., STANDARD HUAXIA, LTD., and DENNIS EDWARD BUTLER, | |
| Defendants. | |

THIS MATTER is before the Court on the request of the parties for entry of a stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c).

1

WHEREAS, the parties to this action (collectively, the "Parties" and each individually, a "Party"), are engaged in discovery proceedings that will include, among other things, the production of documents and the taking of depositions that may reveal sensitive personally identifiable information about individuals that should be protected from further disclosure or use; and

WHEREAS, the parties desire to protect the confidentiality of such information;

FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED, that Parties to this action, their respective agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following items:

1. As used in this Order, the term "Sensitive Personal Information" shall mean any documents or other information containing any one or more of the following categories of personal and private documents or information: (a) a social security or tax identification number; (b) individuals' or entities' financial account statements, including statements for any bank account, credit card account, brokerage account, mortgage, student loan, or other loan; (c) any financial account number, including for a bank account, credit card account, brokerage account, mortgage; student loan, or other loan; (d) tax returns; (e) the home address and phone number of any individual person; (f) the birth date of any individual person; or (g) the name of any individual person who, at the time of the filing of the Complaint in this action, was known to be less than 18 years old.

2. Sensitive Personal Information does not include information about an individual that is lawfully available to the general public.

3. Sensitive Personal Information disclosed to any Party to this action or its counsel during the course of this action:

    a. Shall be used by the Parties only for purposes of this action;

2

  b. Shall not be used by the Parties for any business or commercial purpose;

  c. Shall not be published to the public in any form by the Parties except as permitted below;

  d. May be disclosed only to the following persons, on an as needed basis in the course of the litigation, with reasonable precautions taken to ensure the confidentiality of the information

    i. A Party;

    ii. Employees or contractors of any law firm that represents a Party, including attorneys as well as secretarial, clerical, paralegal, legal or student personnel and any person or entity with whom a Party contracts to reproduce or manage documents;

    iii. Deposition and trial witnesses and others whom counsel in good faith have a reasonable expectation may be a deposition or trial witness in this action; provided that such persons shall first be advised of the existence and content of this Stipulation and Protective Order and shall execute a Declaration of Confidentiality in the form attached hereto as Exhibit A.

    iv. A document's author(s), recipient(s), and/or copyee(s);

    v. Current and former employees of the producing Party or non-party;

    vi. Independent (non-employee) consultants, expert witnesses, or advisors retained by any of the Parties in connection with this action; provided that such persons shall first be advised of the existence and content of this Stipulation and Protective Order and shall execute a

    Declaration of Confidentiality in the form attached hereto as Exhibit A.

    vii. The Court, members of the jury, court personnel, including any Judge or Magistrate Judge assigned to this action, their staff, as well as court reporters or stenographers engaged to record deposition, hearing, or trial testimony, and their employees; and

    viii. Such other persons as hereafter may be authorized by either (1) written consent of all the Parties, (2) the original producing Party or non-party, or (3) the Court upon motion of either Party.

4. The provisions of this Protective Order shall not be construed as preventing:

  a. Any disclosure of Sensitive Personal Information to any Party;

  b. Any disclosure of Sensitive Personal Information to any judge, magistrate, or employee of this Court for any purpose in connection with this action;

  c. Any disclosure of Sensitive Personal Information for the purpose of enforcement of the criminal law or as otherwise required by law.

5. All Sensitive Personal Information that is filed with the Court shall be redacted in accordance with Federal Rule of Civil Procedure 5.2(a).

6. This Protective Order shall not:

  a. Operate as an admission by any Party that any particular discovery material contains Sensitive Personal Information;

      b.     Prejudice in any way the right of a Party to seek a Court determination of whether such material should be subject to the terms of this Protective Order;

      c.     Prevent a Party or non-party's disclosure of its own Sensitive Personal Information; or

      d.     Prejudice in any way the right of any Party to apply to the Court for a further protective order relating to any other confidential information or Sensitive Personal Information.

7.     Nothing in this Order shall preclude the Parties from offering Sensitive Personal Information into evidence at the trial of this action or in any other proceeding in this action, subject to the restrictions of Federal Rule of Civil Procedure 5.2.

8.     Notwithstanding any other provisions contained herein, nothing in this Order shall limit the right of the SEC to make Routine Uses of Information as set forth in SEC Forms 1661 and 1662.

9.     The confidentiality obligations imposed by this Order shall remain in effect even after the final disposition of this litigation unless the Court orders otherwise.

10.     The parties acknowledge that this Stipulated Protective Order does not create an entitlement to file Confidential Information under seal. Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

SO ORDERED.

Dated: September 26, 2025

                                                          *Patricia Donahue*
THE HONORABLE PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FREDERICK TAYTON DENCER, LUKE ABELARD DENCER, STANDARD HOLDINGS, INC., STANDARD HUAXIA, LTD., and DENNIS EDWARD BUTLER,<br><br>Defendants. | Case No. 2:24-cv-10622-CV |

**DECLARATION OF CONFIDENTIALITY**

I hereby acknowledge that I am to receive, or have received, documents for information pursuant to the terms of a Protective Order Governing Disclosure of Sensitive Personal Information ("Order") in the above-captioned case.

I acknowledge receipt of a copy or the Order and certify that I have read it. I agree to be bound by the terms and restrictions set forth in the Order.

I agree to submit to the jurisdiction of the United States District Court for the Central District of California with respect to any proceedings relating to or arising from this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
(Signature)

_____
(Print Name)

_____
(Date)

2